IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanscel Smith, III, | C/A No. 8:14-1229-RMG-JDA |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Sgt. J. Bailey; Corp. L. Goodine, officially and individually; and Greenville County Detention Center, | |
| Defendants. | |

Stanscel Smith, III ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983. At the time this action was filed, Plaintiff was detained at the Greenville County Detention Center ("GCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915.[1] The Complaint is subject to summary dismissal.

## Background

Plaintiff alleges violations of his constitutional rights, specifically false imprisonment, double jeopardy, and due process violations based on Officers J. Bailey ("Bailey") and L. Goodine ("Goodine") at the Greenville County Detention Center ("GCDC") improperly releasing him from custody on January 16, 2013. Complaint [Doc. 1 at 2–8.] He alleges he appeared before a state Judge Mcintosh on January 15, 2013, and he pled guilty to criminal charges and was sentenced to five-years suspended upon serving 25 months,

---

[1] It appears that Plaintiff filed this action while he was detained at the Greenville County Detention Center ("GCDC") by delivering it to prison officials for mailing on some date prior to April 2, 2014, the date it was stamped received by the U.S. District Court. [Doc. 1-3 at 1.] *See Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). On April 3, 2014, Plaintiff wrote a letter to advise this Court that he was being released from the GCDC, and it appears that his new address is not considered to be a prison or jail. [Doc. 4.]

received 334 days jail time, and five-years probation. [*Id.*] Plaintiff alleges, rather than be released, he was supposed to be transferred to the South Carolina Department of Corrections ("SCDC") to serve a 25-month sentence. [*Id.*] He alleges Bailey and Goodine released him from custody to the public based on errors and mistakes in that they did not fully understand the sentencing sheet and failed to perform their jobs adequately. [*Id.*] He contends they were negligent, and the GCDC is liable in its supervisory capacity because it failed to properly train Bailey and Goodine. [*Id.*]

Plaintiff alleges that after his mistaken release from the GCDC he began to serve probation. [*Id.*] He alleges on June 16, 2013, a bench warrant was issued for his arrest, and he was arrested on December 17, 2013, in Georgia. [*Id.*] Plaintiff attached a copy of an order for a bench warrant stating that he had been released from the GCDC in error. [Doc. 1-2 at 2.] He alleges he was returned to the GCDC on December 23, 2013, and he was sent to SCDC for two days and then returned to the GCDC. [Doc. 1 at 2–8.] He signed the Complaint on March 19, 2014, stating that he was in the GCDC, and he mailed it from there. [Doc. 1 at 9; Doc. 1-3 at 1.] This Court received the Complaint on April 2, 2014, and by letter dated April 3, 2014, Plaintiff indicated he had a new address and had been released from the GCDC. [Doc. 1-3 at 1; Doc. 4.] He seems to allege that he suffers emotional distress because his life could have been taken based on his status as an escapee, which status was caused by the Defendants' misconduct. [Doc. 1 at 2–8.] He also alleges physical duress due to false imprisonment. [*Id.*] Plaintiff seeks damages. [Doc. 1 at 9.]

Standard of Review

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity."[2]  28 U.S.C. § 1915A(a).  Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal.  The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably

---

[2] Pursuant to *Cofield v. Bowser*, 247 F. App'x 413 (4th Cir. 2007), whether the PLRA applies to a plaintiff is determined by his status at the time he filed the lawsuit.  Of course, even if the initial review portion of the PLRA does not apply to this action, it would still be subject to initial review because Plaintiff filed it *in forma pauperis*.

3

read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## Discussion

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Complaint should be dismissed because Plaintiff does not state facts sufficient to constitute a violation of the Constitution.  Although the Court must liberally construe the

pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory).  It is well settled that negligence, in general, is not actionable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327, 328-36 & n.3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *Pink v. Lester*, 52 F.3d 73, (4th Cir. 1995) (applying *Daniels v. Williams* and *Ruefly v. Landon*: "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) (noting that ordinary lack of due care is not sufficient).

Although Plaintiff contends that he was falsely imprisoned and his due process rights were violated, there are no facts alleged to support those legal claims.  Plaintiff alleges that Bailey and Goodine did not understand the contents of his sentencing sheet and they did not adequately perform their jobs because they mistakenly released him to the public.  As a matter of law, such allegations sound in negligence and do not rise to the level of deliberate indifference.  Further, when Plaintiff allegedly was placed back in the GCDC from approximately December 23, 2013, until April 3, 2014, the only plausible

inference is that he was actually serving the sentence that he should have been serving during the dates when he had been mistakenly released; thus, there is no plausible allegation of an unreasonable seizure in violation of the Fourth Amendment.

To the extent Plaintiff seeks to sue the GCDC pursuant to § 1983, it is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person."  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551 (D.S.C. May 26, 2011) (finding that a building, detention center, is not amenable to suit under § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Here, the GCDC is a department, group of buildings, or a facility.  Thus, it is not considered a person subject to suit under 42 U.S.C. § 1983, and, therefore, Plaintiff fails to state a claim on which relief may be granted against it.

If Plaintiff is actually seeking to sue Greenville County, as opposed to the GCDC, based on an alleged policy or custom of failure to train, his claim still fails.  Because Plaintiff fails to allege a plausible underlying § 1983 claim against Bailey and Goodine, then the allegation against the county also fails to state a claim on which relief may be granted. *Cf. Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (a local government may be liable if an action pursuant to official municipal policy caused a plaintiff's injury; however, it cannot be vicariously liable for its employees' actions).

Recommendation

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/ Jacquelyn D. Austin
United States Magistrate Judge

April 28, 2014
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).