IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stanscel Smith, III, ) | 2014 MAY 22 A 9:58 |
| ) | No. 8:14-cv-1229-RMG |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Sgt. J. Bailey, Corp. L. Goodine, Greenville ) | |
| County Detention Center, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 11), recommending that this action be summarily dismissed without prejudice and without issuance of service. Plaintiff has not filed objections to the R & R. For the reasons stated below, the Court adopts the R & R and dismisses this action without prejudice.

## I. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Here, however, because no objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in

1

order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

*Pro se* complaints are construed liberally to allow the development of meritorious claims. However, the requirement of a liberal construction does not mean that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim. *See Well v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990) ("The special judicial solicitude with which a district court should view pro se complaints does not transform the court into an advocate."). Furthermore, the Court must dismiss an *in forma pauperis* action *sua sponte* if the claim is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989).

## II. Discussion

The Court agrees with the Magistrate Judge that, at best, Plaintiff has alleged that Defendants Bailey and Goodine were negligent. However, negligence is not actionable under § 1983. *Pink v. Lester*, 52 F.3d 73, 74-75 (4th Cir. 1995). Furthermore, the Court also agrees that the only plausible inference from Plaintiff's allegations is that from approximately December 23, 2013, until Plaintiff's release in April of 2014, he was serving his sentence that he would have served earlier had he not been mistakenly released. Thus, Plaintiff fails to state a claim for false imprisonment. Finally, the Court agrees that Plaintiff has not stated a claim against Greenville County Detention Center for the reasons stated in the R & R. (*See* Dkt. No. 11 at 6).

Therefore, the Court **ADOPTS** the R & R in full and **DISMISSES** this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Judge

May 22, 2014
Charleston, South Carolina